## Hubbell vs. Goodrich and another.

NUISANCE.    (1) *Public, in highway.   Duty of supervisors to remove.* (2) *And encroachments willfully placed, though not nuisances.*

HIGHWAYS.    (3, 4) *Encroachments in, not willful, not summarily removable.*

1. Town supervisors have power, and it is their duty, to cause the summary removal of any public nuisance found in any highway under their jurisdiction, including any obstruction or encroachment upon the highway which unnecessarily impedes or incommodes the lawful use thereof by the public.  And to this end they may require the overseer of the proper district to remove such obstruction or other public nuisance.

2. The town supervisors have also power to cause the summary removal of any structure unlawfully and *willfully* placed within the limits of the highway by any person, although the same is not a public nuisance.

3. But where the obstruction or encroachment is not a public nuisance, and was not willfully placed in the highway (as where it was placed there by inadvertence or carelessness, without any intention to obstruct the highway), the supervisors have no power to cause the summary removal thereof; but the remedy given by secs. 102–108, ch. 19, R. S., (Tay. Stats., 508, §§ 138–144) must be pursued.

4. In an action for a trespass in removing plaintiff's fence, the answer was, that the *locus* was a public highway, and that one of the defendants who was overseer of highways in that district, with the assistance of the other defendant and by order of the town supervisors, went upon plaintiff's land and removed the fence, doing no unnecessary damage. The jury were instructed that if all the fence removed was in a public highway, defendants were entitled to a verdict. The evidence not showing conclusively either 'that the fence was a public nuisance or that it was willfully placed in the highway: *Held;* that the instruction was erroneous.

APPEAL from the Circuit Court for *Sauk* County.

The action is to recover damages for an alleged trespass by the defendants in entering upon the lands of the plaintiff and taking down and removing a fence. The answer avers that the *locus in quo* is a public highway; that the defendant *Goodrich,* who was then overseer of highways in the road district in which such lands are situated, entered upon the plaintiff's said land, and, with the assistance of the other defendant, removed such fence out of the highway, doing no unnecessary damage; and that he removed the fence by order of the supervisors of the proper town.

The testimony given on the trial of the action tends to prove these averments of the answer, and also tends to prove that the fence was an obstruction to travel on the alleged highway.

The jury found for the defendant; a motion for a new trial was denied; and judgment against the plaintiff for costs was duly entered.

The plaintiff appealed from such judgment.

*J. W. Lusk,* for appellant, argued, *inter alia,* that defendants, as overseers of highways, had no right to proceed summarily to remove the fence unless the same had been *willfully* placed

there.  The charge of the judge was in opposition to the construction placed upon the statute in *Wyman v. State*, 13 Wis., 663 ; *Hanson v. Taylor*, 23 id., 547 ; and *Neff v. Paddock*, 26 id. 546.

*C. C. Remington*, for the respondent, commented upon the testimony, contending that it brought the case within the statute authorizing summary removal of the encroachment.

LYON, J.  1. The supervisors are charged by law with the care of the highways in their respective towns, and it is their duty to give directions for repairing the same, and from time to time to require overseers of highways therein to perform their duties.  R. S., ch. 19, sec. 1 (Tay. Stats., 477, § 1).  The supervisors have power, and it is their duty, to cause the summary removal of any public nuisance found in any highway under their jurisdiction.  *Neff v. Paddock*, 26 Wis., 546.  And to this end they may require the overseer in whose district it is located, so to remove the same.

Any obstruction in or encroachment upon a highway, which unnecessarily impedes or incommodes the lawful use of such highway by the public, is a public nuisance, and may be summarily abated.  Angell on Highways, §§ 223, 274.

2. The supervisors also have the power, as we think, to cause the summary removal of any structure unlawfully and *willfully* placed within the limits of a highway by any person, although the same is not a public nuisance.  As to the signification of the word " *willfully*," as here used, see *State v. Preston*, 34 Wis., 675.

3. But where the obstruction or encroachment is not a public nuisance, and was not willfully placed in the highway (as where it was placed there by inadvertence or carelessness, without any intention to obstruct the highway), we are of the opinion that the supervisors have no power to cause the summary removal thereof.  The remedy given by the statute must be resorted to in such a case.  R. S., ch. 19, secs. 102 to 108 (Tay Stats., 508, §§ 138 to 144) ; *Wyman v. The State*, 13 Wis., 663.

The learned circuit judge instructed the jury that the defendants were not liable for removing such portion of the fence as was in a public highway, and that if all of the fence removed by them was within the highway, the defendants were entitled to a verdict.   This instruction is not qualified in any manner, and it entirely ignores the principle last above stated.   Under it the action might be defeated even though the fence was not a public nuisance, and was not willfully placed there by the plaintiff; in which case, as we have seen, the town authorities had no power to remove it summarily.   We do not know but the verdict was predicated upon precisely such a state of facts; for the testimony does not conclusively prove either that the fence was a public nuisance, or that it was *willfully* placed there by the plaintiff.

It was error, therefore, to give the above instruction; and because the error may have injured the plaintiff, there must be another trial. .

*By the Court.*— Judgment reversed, and new trial awarded.

A motion for rehearing was denied at the same term.