Pauer, Respondent, vs. Albrecht and others, Appellants.

*September 24 — October 9, 1888.*

*Municipal corporations: Nuisances: Encroachments on streets: Fences: Summary removal.*

1. A city charter giving the common council power "to abate nuisances" and "to prevent the obstruction of streets," does not authorize the summary removal of a fence which, though it encroaches upon a street, does not incommode the public use of such street as a highway.

2. Sec. 1326, R. S., authorizing the summary removal of an obstruction in a highway, applies only to obstructions placed there intentionally, wilfully, or maliciously.

APPEAL from the Circuit Court for *Sheboygan* County.
Action against the city of *Plymouth* and others, its offi-
cers and employees, for a trespass *quare clausum.* The
facts are sufficiently stated in the opinion.   The defendants
appealed from a judgment in favor of the plaintiff.

The cause was submitted for the appellants on the brief
of *M. C. Mead,* attorney, and *Seaman & Williams,* of coun-
sel, and for the respondent on the brief of *Turner & Tim-
lin,* attorneys, and *M. D. L. Fuller,* of counsel.

For the appellants it was contended, *inter alia,* that the
general authority to abate nuisances, which clearly includes
the removal of obstructions from the public streets, is inher-
ent in municipal corporations.   1 Dillon on Mun. Corp.
(3d ed.), secs. 95, 374–379; *Heald v. Lang,* 98 Mass. 580;
*Pedrick v. Bailey,* 12 Gray, 161; *Childs v. Nelson,* 69 Wis.
125; *Hart v. Mayor of Albany,* 9 Wend. 571.   The charter
of *Plymouth* confers such authority in direct terms.   Sec.
25, ch. 193, Laws of 1877, prescribing the powers of the
common council gives the following:   (1) " And to provide
for the abatement and removal of nuisances under the ordi-
nances or at common law;" and further: (2) "To prevent
the obstruction of streets."   This provision is ample, and
confers authority beyond that given by general statute.
*Childs v. Nelson,* 69 Wis. 125; *Heald v. Lang,* 98 Mass. 580.
A fence in a public street is a nuisance *per se.*   2 Dillon on
Mun. Corp. sec. 660, and notes; id. sec. 730; *Comm. v. Blais-
dell,* 107 Mass. 234; *State v. Berdetta,* 38 Am. Rep. 117, and
notes; *S. C.* 73 Ind. 185; *Milarkey v. Foster,* 25 Am. Rep.
531, and notes; *S. C.* 6 Oreg. 378; *Hubbell v. Goodrich,* 37
Wis. 84; *Larson v. Furlong,* 63 id. 323; *People v. Cunning-
ham,* 1 Denio, 524.   The finding that the obstruction did not,
in fact, impede the use of the street for teams or foot-pas-
sengers was immaterial and misleading.   It was immaterial
for the reason that the public are entitled to the entire
width of the street.   The fact that there may be room suf-

ficient for the passage of teams or foot-passengers under ordinary circumstances does not save the obstruction from constituting a nuisance. *State v. Berdetta*, 73 Ind. 185; *Davis v. Mayor of New York*, 14 N. Y. 524; *Hart v. Mayor of Albany*, 9 Wend. 571.

ORTON, J. This is an action to recover damages against the defendants for entering upon the premises of the plaintiff and removing her fence and trampling down her shrubbery. The defendants admit the removal of the plaintiff's fence as charged, and justify it under the order of the common council of the city of *Plymouth*, in which the premises are situated, requiring the summary removal of said fence as an encroachment upon a street of said city, after due notice to the plaintiff to remove the same. The fence was on a line nearly parallel to the street, and about thirteen feet from the line thereof on one side. The defendants claim that such summary removal was authorized by the power given to the common council "to abate nuisances," and "to prevent the obstruction of streets," by the charter of said city (sec. 25, ch. 193, Laws of 1877). The jury found a special verdict that the fence was within said street, but that it "did not incommode the public use of said street as a highway for teams and foot-passengers," and that said fence "had been maintained continuously upon the same line seventeen years." The plaintiff recovered $85 damages.

This fence was obviously neither a public nuisance nor an obstruction to the street. The finding that it did not incommode the public use of said street as a highway is restricted "to teams and foot-passengers," and is for that reason informal. But it is substantially a finding that it did not incommode the public use of the street for any purpose, for if it did not incommode teams and foot-passengers it could not incommode anybody traveling thereon. If the

fence is not in the way of those traveling by teams it could not be in the way of those traveling in any other manner. It may have been an encroachment upon this street, and probably was; but the charter of the city does not authorize the summary removal of a fence that is a mere encroachment. The special verdict is sufficient to take this case out of the provisions of the charter, and the only remaining question is, Was the summary removal of the fence justified by the general statutes? The verdict shows that this was a very old fence, and the evidence was that trees and shrubbery had been planted along the side of it. It was evidently built within the street before the street was opened or needed for public use, and by an innocent mistake of the true lines. The encroachment, as such, was not placed there intentionally, wilfully, or maliciously, and was probably not placed there at all by the plaintiff when it was first built. When there is no provision of the charter authorizing such summary removal, in a proper case such removal may be justified under the general statutes which have force in cities as well as in towns. *State v. Leaver*, 62 Wis. 387. The only statute authorizing summary removal of an obstruction or encroachment in highways, is sec. 1326, R. S.; and that has been held to apply only to cases where the obstruction or encroachment was so placed intentionally, wilfully, or maliciously. *State v. Leaver, supra; Hubbell v. Goodrich*, 37 Wis. 84; *State v. Preston*, 34 Wis. 675; and *Childs v. Nelson*, 69 Wis. 125. This is clearly not a case for the summary removal of this encroachment, in view of the special verdict that takes from it the character of a public nuisance. The circuit court rendered the proper judgment on the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.