THE STATE, Appellant, vs. POMEROY, Respondent.

*February 22 — March 12, 1889.*

*Highways: Obstruction or encroachment? Penalty.*

1. The penalty prescribed by sec. 1326, R. S., for the obstruction of a highway cannot be recovered for a mere encroachment.
2. A fence intruding into a highway, but not hindering or rendering dangerous the travel thereon, is a mere encroachment.

APPEAL from the Circuit Court for *Rock* County.

Action to recover the penalty prescribed by sec. 1326, R. S., for the obstruction of a highway. The facts will sufficiently appear from the opinion. The plaintiff appeals from a judgment in favor of the defendant.

For the appellant there was a brief by *Winans & Hyzer,* and oral argument by *John Winans.*

For the respondent there was a brief by *Smith & Pierce,* and oral argument by *Chas. E. Pierce.* They argued, among other things, that even if the *locus in quo* is a highway this action cannot be maintained, because the fence is but an encroachment and not an obstruction. This fence had stood where it now does for many years, and the highway has at all times been sufficient to accommodate all the public travel that there was on the road. *Wyman v. State,* 13 Wis. 663, 667; *Godsell v. Fleming,* 59 id. 52; Thompson on Highways, 340; *Harrower v. Ritson,* 37 Barb. 301; *Griffith v. McCullum,* 46 id. 561; *McCarthy v. Syracuse,* 46 N. Y. 194.

COLE, C. J. For the purpose of this appeal it is assumed that the *locus in quo* where the defendant's fence stood was a public highway, either by being originally legally laid, or had become so by user. On this assumption, how does the case stand? The action is brought under sec. 1326, R. S., to recover the penalty for obstructing a highway. If the fence in question really was in the highway as claimed by the plaintiff, it was an encroachment as

defined in sec. 1330 and subsequent sections. It will be noticed that the statute makes a clear distinction between an obstruction and an encroachment upon a highway. It speaks of a highway lawfully opened being encroached upon "by a fence, building, or other fixture," and points out the method of proceeding to determine whether it is an encroachment or not, and fixes the penalty for failure to remove it on notice. In the statutory sense, an encroachment is a fixture which intrudes into or invades the highway, but does not necessarily prevent public travel. An obstruction may prevent or hinder and delay travel in a greater or less degree, or render the use of the highway dangerous. The legislature has seen fit to make this distinction in the law, and the court has endeavored to maintain it in the construction of this statute. Thus, in *State v. Leaver*, 62 Wis. 387, Mr. Justice LYON says: "It is difficult to lay down any general rule by which to determine, in any given case, whether an object placed in a highway is an *obstruction* within sec. 1326, or only an *encroachment* within the meaning of sec. 1330. It may safely be said that an object or structure, to be an obstruction, need not necessarily be such as to stop travel on the highway. A man may wilfully place a load of hay or a pile of wood in the middle of the street and leave it there. This would not be an encroachment within sec. 1330, because it is not a 'fence, building, or other fixture.' Yet it would undoubtedly be an obstruction within the meaning of sec. 1326, although room was left on either side of it for travelers on the highway to pass." See, also, *Pauer v. Albrecht*, 72 Wis. 416, where the same distinction is observed. Now, it is very obvious that there could be no recovery of the penalty given by sec. 1326, for what was properly an encroachment within the meaning of the other sections. To sustain such a recovery would be confounding and disregarding all the marked distinctions between an "obstruction" and an "en-

croachment," which we have just dwelt upon. It would be a plain perversion of the provisions of the statute to allow a recovery of the penalty for an encroachment which is given for an obstruction. This, it seems, is too plain to require argument. The legislature has treated the two things as different in their nature and consequences. The overseer of the proper district is authorized to cause an obstruction to be summarily removed, while, as we have said, a method is pointed out for determining the question whether an encroachment has been made, and penalty is prescribed where the occupant suffers the encroachment to continue after its character has been determined.

In this case, it appears, the supervisors made an order under sec. 1330, declaring that the fence encroached upon the highway, and requiring the defendant to remove it. A copy of this order was served upon the defendant, who denied, in writing, within thirty days, the encroachment, as provided in secs. 1331 and 1332. This denial was addressed to the supervisors, and served upon one of them. The supervisors should then have taken steps which the statute points out to determine whether an encroachment had been made. This proceeding is made very plain by the subsequent provisions, which afford an ample remedy for removing such an encroachment. But, instead of pursuing this remedy, this action was brought to recover the penalty given for obstructing a highway. The court below held upon the evidence that there never had been a public highway where the fence stood, and gave judgment for the defendant. We have assumed that the *locus in quo* was a highway, but hold that the fence does not constitute an obstruction within the meaning of the statute. On that ground the judgment of the circuit court is affirmed.

*By the Court.*— Judgment affirmed.