THE TOWN OF FULTON, Appellant, vs. POMEROY, Respondent.

*October 16 — November 5, 1901.*

*Highways: Obstruction:* Res judicata: *Parties: Appeal: Opinion of supreme court.*

1. Where a town procured the bringing of an action in the name of the state to recover the forfeiture imposed by sec. 1326, Stats. 1898, for obstructing a highway by means of a fence, employed the attorneys, and paid the expenses, it is in effect a party thereto, and the judgment therein is conclusive upon it, in a subsequent proceeding in its own name to compel the removal of the fence as an encroachment, upon any question which was litigated and finally decided in the former action.

2. The opinion of the supreme court on appeal constitutes the findings of fact and conclusions of law upon which its judgment is based, and is to be considered and examined in determining what was finally decided in the case.

3. In an action to recover the forfeiture provided by sec. 1326, Stats. 1898, for obstructing a highway, the trial court found that there was no highway where the fence alleged to be an obstruction stood, but that the fence was on defendant's land. The judgment in favor of defendant was affirmed on appeal on the ground that, even upon the assumption that the fence stood in the highway, it did not constitute an obstruction, within the meaning of sec. 1326, but simply an encroachment under sec. 1330. *Held,* that the original findings were in no way set aside or impeached, and that the judgment as affirmed is conclusive that the *locus in quo* was not a part of the highway.

APPEAL from a judgment of the circuit court for Rock county: B. F. DUNWIDDIE, Circuit Judge. *Affirmed.*

This is a proceeding brought by the supervisors of the town of *Fulton* to secure the removal of an alleged encroach-

ment upon a highway in said town, under the provisions of secs. 1330–1337, Stats. 1898. The notice required by sec. 1330 was duly served upon the defendant, who thereupon served on the supervisors a notice denying the encroachment, and application was then made to a justice of the peace for the appointment of a jury to try the question of encroachment, which jury, after trial of the question, found that an encroachment had been made. Judgment upon such finding was entered by the justice, as provided by sec. 1335, Stats. 1898, and the defendant appealed to the circuit court, where he was permitted to file an amended answer, in which he set forth as an additional defense the record and judgment in the case of *State v. Pomeroy,* which was appealed to this court, and which appears in 73 Wis. 664, and claimed that the judgment in that case was *res adjudicata* of the issues in the present case.

Upon the trial it was stipulated by the parties that the trial, so far as the plea of former adjudication was concerned, should be by the court without a jury, and that, in case that the court should hold that said plea was good and the facts constituted a bar to this action, the defendant might have judgment against the plaintiff upon the merits. It was conceded upon the trial that the action of *State v. Pomeroy,* 73 Wis. 664, was commenced at the request of the then supervisors of the town of *Fulton,* acting as the town board, and was prosecuted by such board, and that the attorney's fees for the plaintiff's attorneys in that action were paid by the town of *Fulton.* The record of that action in the circuit court for Rock county, as well as the opinion and decision of this court, were offered in evidence and received. Some oral evidence was given as to the issues that were in fact tried in that action, and at the close of the evidence the court found that the premises described in the order of removal in this action as being part of the highway are the same premises described in the previous action above

named, and that the fence described in that action is the same fence alleged to be an encroachment in the present action, and that the highway claimed to have been described in that action is the same highway claimed to have been encroached upon in this action, and that the previous action was prosecuted by the said town board, and the fees of the plaintiff's attorneys paid by them.

As conclusions of law the court found that the plaintiff in this action is bound by the judgment in the previous action, and that said judgment is a bar to the maintenance of this action, because the same is *res adjudicata* of the issues in the present action. Upon these findings judgment was entered reversing the judgment in the justice's court and dismissing the action with costs, and from that judgment the plaintiff appeals.

For the appellant there was a brief by *Fethers, Jeffris & Mouat*, and oral argument by *M. G. Jeffris* and *M. O. Mouat*. They contended, *inter alia*, that "it cannot well be urged that a question was decided in a case when the *opinion* expressly declares that the question was not necessary to be decided." *Smith v. C., M. & St. P. R. Co.* 83 Wis. 271, 275. Extrinsic evidence is admissible to show what was in fact litigated. Jones, Ev. § 616; *Gray v. Tyler*, 40 Wis. 579. This court will go to the "*opinion of the court*" to determine whether or not questions are *res adjudicata. Yates v. Shepardson*, 39 Wis. 173; *Hood v. Hood*, 110 Mass. 463; *Esterbrook v. Savage*, 21 Hun, 145–148; *Noonan v. Orton*, 31 Wis. 265–274; *Whitney v. Traynor*, 76 Wis. 628–630; *Russell v. Place*, 94 U. S. 606; *Fuller-Warren Co. v. Harter*, 110 Wis. 80; *Griffin v. Seymour*, 15 Iowa, 30; *Hughes v. U. S.* 4 Wall. 232.

For the respondent there was a brief by *Sutherland & Nolan*, attorneys, and *Charles E. Pierce*, of counsel, and oral argument by *Mr. Geo. G. Sutherland* and *Mr. Pierce*. They argued, among other things, that to determine what is de-

cided in any given case we must look to the judgment of the court, not to the reasons given by the judges therefor. *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 170, 171; *Bell v. Peterson,* 105 Wis. 607, 614, 615; *Harmon v. Auditor,*123 Ill. 122; *Grunert v. Spalding,* 104 Wis. 193, 214, 216, 218; *Braun v. Wis. R. Co.* 92 Wis. 245, 251; *Matter of Broderick,* 25 Misc. (N. Y.), 534, and cases cited; *Huelett v. Wood,* 67 N. Y. 394, 399; *Snebley v. Conner,* 78 N. Y. 218, 219; *Clarke v. Lourie,* 82 N. Y. 580, 581; *Randall v. N. Y. E. R. Co.* 149 N. Y. 211, 213; *Robinson v. N. Y., L. E. & W. R. Co.* 64 Hun, 41; *Finch v. Hollinger,* 46 Iowa, 216, 217; *Smith v. Armstrong,* 25 Wis. 517, 520, 521; *Smith v. C., M. & St. P. R. Co.* 83 Wis. 271; *Goodenow v. Litchfield,* 59 Iowa, 226; *Trescott v. Barnes,* 51 Iowa, 409; *Hart v. Moulton,* 104 Wis. 349–353; *Case v. Hoffman,* 100 Wis. 314. It was and is necessary to enable the plaintiff to maintain this, or to have maintained the former, action to prove that the *locus in quo* was not the private property of the defendant but a highway. And that finding in a judgment of the court below was affirmed, and cannot again be litigated by the plaintiff. *Ford v. Ford,* 80 Wis. 565; *Braun v. Wis. R. Co.* 92 Wis. 245; *Ean v. C., M. & St. P. R. Co.* 101 Wis. 166, 170, 171; *Grunert v. Spalding,* 104 Wis. 193; *Bell v. Peterson,* 105 Wis. 614, 616; *Harmon v. Auditor,* 123 Ill. 122; *Att'y Gen. v. C. & E. R. Co.* 112 Ill. 520; *Shankland v. Shankland,* 115 Ill. 526; *Iowa Co. v. Mineral Point R. Co.* 24 Wis. 124; *Wilson's Ex'r v. Deen,* 121 U. S. 525. In the former action, although the state was the party, the town of *Fulton* conducted the suit, made the complaint, and hired the attorneys, so that in every sense of the word the parties to the former action and this action are the same. *People ex rel. Bryant v. Holladay,* 93 Cal. 241; *People v. Holladay,* 102 Cal. 661; *Metropolitan City R. Co. v. Chicago,* 96 Ill. 628; 2 Van Fleet, Former Adjudication, 1151; *People ex rel. Robarts v. Beaudry,* 91 Cal. 213; *Clark v. Wolf,* 29 Iowa, 197; *Detroit v. Ellis,* 103

Mich. 612; *Citizens' H. R. Co. v. Belleville*, 47 Ill. App. 388; *Dickinson v. Eichorn*, 78 Iowa, 710; *Zimmerman v. Savage*, 145 Ind. 124; *Bank of Ky. v. Stone*, 88 Fed. Rep. 383, 393.

WINSLOW, J. This is a statutory proceeding by the town of *Fulton* to compel the removal of defendant's fence on the ground that it is an encroachment upon a highway, and it is claimed on the part of the defendant that in a previous action brought in the name of the state to recover a penalty for obstructing the highway, it was finally determined that there was no highway where the fence stands, and that this determination is *res adjudicata* in the present case. The question of the effect of the previous judgment after its affirmance by this court (*State v. Pomeroy*, 73 Wis. 664) is really the only serious question in the case.

Although that action was brought in the name of the state, and the present action is prosecuted by the town, there can be no doubt that the general public is the real party plaintiff in both cases, and hence that the judgment in the former action is conclusive upon the plaintiff in the present case upon any question arising in the present case which was litigated and finally decided in that action. The questions in both cases being public questions, the town was in effect a party to the former action. It procured the bringing of that action, employed the attorneys, and paid the expenses; and it is unquestionably bound by the result to the same extent as though it had been named as a party. 2 Van Fleet, Former Adjudication, 1151. It seems equally clear that the opinion of this court upon the appeal in the former case is a part of the record, and is to be considered and examined in determining the question as to what was finally decided in that case. The statute provides in express terms (Stats. 1898, sec. 2410) that the "opinion or decision of the supreme court . . . shall constitute and be held a part of the record in the action." The reason of the rule is manifest.

The opinion of this court is not a mere statement of reasons, like an opinion of the trial court, but constitutes the findings of fact and conclusions of law upon which this court bases its judgment; it is a *decision* as well as an opinion, and is the only paper from which it can be ascertained what are the conclusions of this court either upon the facts or upon the law.

These preliminary questions, which seem to have been raised upon the trial below, but were not seriously mooted upon the argument in this court, having been disposed of, we proceed to the question of the effect of the previous judgment upon the rights of the parties in the present case.

It appears from the oral evidence that the fence involved in the former action was the same fence which is claimed to be an encroachment in this action. The record of that action shows that it was brought to recover the forfeiture provided by sec. 1326, Stats. 1898, for obstructing the highway; that the defendant answered, denying the existence of any highway where the fence stands, on the ground of adverse possession for more than twenty years; that the action was tried by the court; and that the court found that there was no highway where the fence stands, but that the same stood upon the defendant's land, and judgment was thereupon rendered for defendant. From this judgment the plaintiff appealed to this court, and the judgment was affirmed. *State v. Pomeroy*, 73 Wis. 664. In affirming the judgment this court expressed no opinion upon the question whether the fence stood in the highway or not, but simply assumed, for the purposes of the appeal, that the *locus in quo* was a part of the highway, and then proceeded to decide that, even upon this assumption, the fence did not constitute an obstruction, within the meaning of sec. 1326, but simply an encroachment, under sec. 1330, and hence that the judgment should be affirmed upon that ground.

The appellant claims that by the judgment of affirmance, based upon the ground stated, the finding of fact of the circuit court to the effect that the *locus in quo* was not a highway has been eliminated from the case, and that the only question finally decided was that the fence was not an obstruction within the meaning of the law.

We are unable to agree with this contention. The judgment for the defendant in the circuit court, based upon the finding of no highway, was clearly *res adjudicata* between the parties and their privies until the finding was set aside by the court that made it, or by some tribunal having appellate jurisdiction. This must be conceded. Even an appeal does not deprive a judgment of its effect as a bar to another action. It may be pleaded and relied upon pending such appeal with the same effect as if no appeal had been taken. *Smith v. Schreiner*, 86 Wis. 19; *Richter v. Leiby*, 99 Wis. 512; *State ex rel. C. & N. W. R. Co. v. Burnell*, 102 Wis. 232. The effect of the finding and judgment as a bar was therefore not superseded by the appeal, and the bar remained up to the very moment that the judgment was affirmed by this court. If superseded or set aside by anything, it must have been by that judgment, construed in the light of the opinion. But neither the judgment nor the opinion attempted to set aside anything which had been decided below. Had the opinion discussed the question of highway, and arrived at the conclusion that the finding below was contrary to the evidence and there was in fact a highway where the fence stood, but that the fence did not constitute an obstruction, and hence that the judgment was right, a very different question would have been presented. But nothing of the kind appears. The finding of no highway was in no respect shaken. The court simply said that, conceding for the purposes of the appeal that the appellant's contention as to the highway is correct, still there is no obstruction and can be no recovery. The case then went back

The Town of Fulton vs. Pomeroy.

to the trial court with simply, in effect, an additional finding upon which the judgment for the defendant thereafter rested, but with the original finding not set aside or impeached.

The principle that a general affirmance of a judgment, based upon the findings of fact made by the trial court, leaves those findings intact unless they are specifically set aside in the decision or opinion, seems reasonable as an original proposition, but we are not without authority upon the question.   Mr. Van Fleet, in his work on Former Adjudication, at page 145, expresses the idea thus:

"If a cause is decided upon the merits, the fact that upon appeal the judgment is affirmed upon grounds which do not touch the merits does not remove the bar of *res judicata.*"

To this doctrine is cited *Trescott v. Barnes*, 51 Iowa, 409. That was an action upon promissory notes given upon the purchase of land, and the defense was rescission.   It was shown that in a former action upon one of the notes given for the same land the same defense had been pleaded, the action tried, and judgment rendered for the plaintiff upon the merits, which judgment was affirmed upon appeal to the supreme court simply on the ground that 'it was not triable *de novo* in that court, and that no errors had been assigned. The judgment so affirmed was held to be a complete bar, although the merits were not considered in the supreme court, because there had been a decision on the merits in the trial court, which stood unreversed.

In *Finch v. Hollinger*, 46 Iowa, 216, the plaintiff brought an action of conversion for a number of steers.   It appeared that he claimed ownership as chattel mortgagee, and that he had previously brought a replevin action for the same steers, in which he had been defeated.   In the replevin action the defendant (who was an officer and held the steers under an execution against the original owner) defended on two grounds: first, that he had been served with no notice

in writing by the plaintiff as required by a certain section of the Iowa Code; and, second, that the plaintiff's mortgage was fraudulent and void as to creditors of the mortgagor. After trial in the replevin action, a general judgment was rendered for the defendant, and upon appeal that judgment was affirmed by the supreme court upon the sole ground of the want of notice. The court held that such an affirmance was an affirmance with respect to all the issues decided below, and that the judgment was *res adjudicata* upon all of such issues.

To the same effect is *People v. Skidmore*, 27 Cal. 287. This court practically adopted that view in *Smith v. C., M. & St. P. R. Co.* 83 Wis. 271, in which case an intimation to the contrary in *Gray v. Tyler*, 40 Wis. 579, was disapproved.

*By the Court.*— Judgment affirmed.

MARSHALL and DODGE, JJ., dissent.