THE STATE, Respondent, vs. DEHN, Appellant.

*October 25—November 14, 1905*

*Ditches draining highways: Obstruction: Forfeiture.*

1. Findings of the trial court as to the existence, and the obstruction by defendant, of a ditch constructed for the purpose of draining the water from a highway, are *held* to be sustained by the evidence.
2. Under sec. 1326, Stats. 1898, the obstruction of a highway or ditch need not be wilful in order to subject the offender to the forfeiture therein prescribed. *Pauer v. Albrecht*, 72 Wis. 416, overruled on this point.

APPEAL from a judgment of the circuit court for Green Lake county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

Appellant is the owner and in possession of forty acres of land in section 4, town of Brooklyn, Green Lake county. East

of his farm lies the Berlin and Dartford road, a highway of the town extending north and south, which was laid out in 1847. Appellant's house and barn are ten or fifteen rods west of the highway, the house being twelve or fifteen rods north of the barn. Extending in a northwesterly direction from the highway and between the house and the barn is a channel or cut in the ground, variously designated by the witnesses as a "swale," "gully," "ravine," or "ditch." In front of appellant's farm the surface of the ground slopes generally towards the north, with somewhat of an inclination towards the west. In a state of nature the surface of from 75 to 100 acres of land converges to a natural depression, in which the channel above mentioned lies, and the surface water from this territory naturally takes its course through this depression. No ditches were at first constructed along the sides of the road, but in turnpiking the road for a track such ditches were constructed on both sides. The water from the east side of the road passed over to the ditch on the west side of the road through a culvert under the road at a point about three rods south of the depression, and the united waters passed away over appellant's land through this depression between the house and the barn. The ditch or gully in this depression was cut after the ditches were dug along the road. In 1867 Mr. Bushee, a previous owner of the land, stopped the opening from the road onto the land, and forced the water to find a passage along the road towards the north. The road was thereby injured, and the town board ordered the road overseer to have the dam removed. Shortly thereafter the dam was removed, and the waters had free passage through the ditch over appellant's farm until a few years ago, when he constructed a wall across the opening from the ditch beside the road. This wall at first had an opening for the passage of the water, but the opening was finally closed by appellant in May, 1903. This action was brought to collect a forfeiture for stopping up a town ditch. The cause was tried without

a jury, and the court made its findings of fact and conclusions of law against appellant, and ordered judgment against him for $16 as a forfeiture, and for costs, and, if the sum was not paid, ordered appellant committed to jail. This is an appeal from such judgment.

*Perry Niskern,* for the appellant.

For the respondent there was a brief by *John J. Wood, Jr.,* attorney, and *Thompson, Thompson & Pinkerton,* of counsel, and oral argument by *Mr. Wood* and *A. E. Thompson.*

SIEBECKER, J. Under sec. 1236, Stats. 1898, lands adjoining highways may be entered by the superintendent of highways for the purpose of constructing drains and ditches necessary for the improvement or preservation of such highways. If any person shall place any obstruction in any such ditch or drain he shall be liable to a forfeiture as provided by sec. 1326, Stats. 1898. This action was brought to enforce such a forfeiture, and appellant was found guilty of having violated the statute. It is claimed that the conviction is not sustained by evidence.

The court found that a drain, carrying the surface water which collected in the highway onto appellant's lands at the point in question, had existed for a long time prior to 1867. It appears that the topography of the surrounding land was such that the water from a considerable area naturally collected upon the highway at this point, and flowed thence along a ravine on appellant's farm. The town improved the highway at this point by raising the traveled track by ditching along the sides, and by opening into and connecting the ditch along the westerly boundary with the drain over appellant's lands. This opening and connection was maintained without obstruction until 1867, when one Bushee, then in possession of the farm, built a dam across the drain near the margin of the highway. The town board took immediate action to have the drain reopened by directing the highway overseer to enter

upon the land and remove the obstruction. · That overseer is now deceased, but the evidence at hand shows that the dam was removed within a short time thereafter, and that the drain was kept open continuously to the time appellant obstructed it in 1903. It also appears that appellant took steps to induce the town authorities to change the flow of the water by conducting it north through a ditch along the highway, thereby diverting the water from the drain and permitting him to close it. These facts are corroborated by all the surrounding circumstances, and tend to support the findings complained of. The court's conclusions of fact are supported by the evidence and cannot be disturbed.

It is claimed that the appellant is not guilty of the offense unless it is found that the act complained of was wilfully and maliciously done by him. This claim is clearly without merit in view of the amendment to sec. 1326 by the Revision of 1878, whereby the word "wilfully" was omitted from the law as it formerly stood, in order, as stated by the revisers, "to make the mere obstruction subject to the forfeiture, though not done wilfully." See, also, *State v. Smith,* 52 Wis. 134, 8 N. W. 870. The remarks of the writer of the opinion in *Pauer v. Albrecht,* 72 Wis. 416, 39 N. W. 771, to the effect that this section applied only when the obstruction was wilful and malicious, are evidently due to an oversight of this amendment, and are based on decisions, to which he refers, antedating it.

*By the Court.*—Judgment affirmed.