Jones, Appellant, vs. Tobin and another, Respondents.

*March 13—March 31, 1908.*

*Highway: Obstruction: Summary removal.*

In an action of trespass against a highway superintendent and
town supervisor for removing a fence built so as to invade the
highway, the evidence is *held* to justify the finding of the jury
that it constituted an obstruction within the meaning of
sec. 1326, Stats. (1898), authorizing its summary removal.

Appeal from a judgment of the circuit court for St. Croix
county: E. W. Helms, Circuit Judge. *Affirmed.*

Action of trespass *quare clausum.* Defense on the ground
that defendant *Tobin* was superintendent of highways and
that the only act done was the removal, with the assistance
of defendant *Simon,* who was a town supervisor, of a fence
maintained by plaintiff, which constituted an obstruction of
the highway. By special verdict the jury found (1) that
plaintiff's fence constituted an obstruction of said highway;
(2) that plaintiff did not place said fence wilfully; and
(3) that he did maintain the fence wilfully after notifica-
tion by the town officers that it was in the highway. The
plaintiff moved to reverse the answer to the first question and
for judgment; also to reverse the answer to the third ques-
tion; and, in the alternative, moved to set aside the verdict
and grant a new trial, which motions were denied and judg-
ment rendered for defendants, from which the plaintiff ap-
peals.

*A. J. Kinney,* for the appellant.

For the respondents there was a brief by *Baker & Haven,*
and oral argument by *Spencer Haven.*

Dodge, J. There was evidence tending to prove that the
highway in question, forming the northern boundary line
of plaintiff's land, was laid out four rods wide on a section
line; that for a number of years it was unfenced, but was

worked and traveled, and that the working consisted of grading up approximately twenty feet in width near the center of the highway; that plaintiff built his fence so as to invade one half of the highway, some parts of it extending nearly nine feet north of the section line; that the fence when built invaded the grade which had been made by the town and invaded the course of the traveled track; that thereafter the traveled track necessarily deviated to the north side of the fence and to distances ranging from three to thirteen feet therefrom; that at places there existed, north of the grade and the traveled track, a bank or ridge narrowing the space over which it was feasible to drive vehicles. From this evidence, notwithstanding that there was no proof of actual disturbance of any vehicle in traveling, we are satisfied the jury were justified in their finding that the fence constituted an obstruction of the highway. It is the settled law of this state that a structure within the limits of the highway which impedes or seriously inconveniences travel thereon constitutes an "obstruction" within the meaning of sec. 1326, Stats. (1898), authorizing its summary removal. *Hubbell v. Goodrich,* 37 Wis. 84; *State v. Leaver,* 62 Wis. 387, 22 N. W. 576; *State v. Pomeroy,* 73 Wis. 664, 41 N. W. 726; *Bartlett v. Beardmore,* 77 Wis. 356, 46 N. W. 494; *Konkel v. Pella,* 122 Wis. 143, 99 N. W. 453. The jury's finding was based upon a correct statement of this definition. This fact, so found by the jury upon sufficient evidence, justified the defendants in entering upon the highway and removing the obstruction—sec. 1326, Stats. (1898),—and their acts in so doing constituted no trespass.

This consideration renders wholly immaterial all of the twenty-five assignments of error, except those which assail the sufficiency of the evidence to sustain this answer to the first question of the special verdict, and they must be overruled.

*By the Court.*—Judgment affirmed.