JENNINGS, Appellant, vs. JOHONNOTT and. others, Respondents.

*February 22—March 12, 1912.*

*Municipal corporations: Obstruction in street: Fences: Sidewalks:*
*Trespass by city officials: Special verdict: Disjunctive finding:*
*Omitted facts: Appeal: Presumption: Review: Parties entitled*
*to allege error.*

1. Secs. 1326 and 1330, Stats. (1898), relating to encroachments upon and obstructions of public highways, are applicable to cities.

2. Any object unlawfully placed within the limits of a highway is an obstruction if it impedes or seriously inconveniences public travel or renders it dangerous, even though it does not stop travel.

3. A fence in front of a city lot, extending only one foot into the street, is a mere encroachment so long as the fence and walk outside are continuous with those in front of the adjoining lots, but may become dangerous and an obstruction if a jog in the walk and fence is created by the building of a new fence and walk on the true line in front of an adjoining lot.

4. Although a question of a special verdict may be improper because embracing several propositions in the disjunctive, so that an affirmative answer does not indicate unanimous concurrence of the jurors upon any one of them, yet, where no error was assigned thereon and there was no request for separate questions, it will be presumed on appeal, under sec. 2858m, Stats. (Laws of 1907, ch. 346), that the trial court found in support of the judgment on the material issues not passed upon by the jury.

5. A party cannot assign error upon the admission of evidence concerning irrelevant matters in respect to which he first gave testimony, or which was brought out by his counsel either as part of his own case or on cross-examination of witnesses for the adverse party.

6. In an action against city officials for tearing down plaintiff's fence and constructing a sidewalk, where punitory damages were claimed, it was competent for defendants to assert that they acted in good faith in removing the fence (which intruded into the street) because it was necessary to build a new sidewalk and they wished to build it on the true line, upon which an adjoining walk had been built.

7. If, in laying a new sidewalk in front of plaintiff's lot, city offi-
cials confined their operations to the street, they cannot be held
guilty of a trespass, even though they ignored the provisions
of the law to such an extent that plaintiff would not be charge-
able with the cost of the new walk.

APPEAL from a judgment of the circuit court for Green
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

The plaintiff is the owner of lots 3, 4, and 5, and the north
five feet of lot 6, block 29, Carman's addition to the city of
Monroe. This property is located on the east side of Adams
street and had been inclosed by a fence for many years.
Plaintiff also owned at one time other property lying immedi-
ately to the south of that described, and a board walk had been
maintained adjacent to said property and on the east side of
Adams street for about thirty-five years. One De Haven pur-
chased from the plaintiff a parcel of ground immediately south
of that above described as being now owned by her, and built
a residence thereon during the year 1909. He desired to put
in a cement sidewalk on Adams street adjacent to his prop-
erty and he employed a surveyor to locate the street line.
The survey showed that the fence which plaintiff maintained
stood in the neighborhood of a foot in the street at the south-
west corner of her property. De Haven built a cement walk
in accordance with the survey, which, when finished, left a
jog in the walk as above indicated. There was a boxed fence
post which was eight inches square and which stood wholly in
the street at the point indicated and there was a cap on the
post which extended two inches further into the street. The
fence extended into the street about three inches at the north-
west corner of the plaintiff's property and was built on a com-
paratively straight line, so that it extended not less than three
nor more than twelve inches into the street at any point. In
the year 1910, when De Haven built his fence, the city au-
thorities served notice on plaintiff requesting her to build a
walk of the same material in front of her property, and some
of them testified that she agreed to do so. However, she neg-

lected to build the walk, and during the month of October, 1910, the city authorities tore down the fence and constructed a walk. Plaintiff brings this action against them to recover damages for the alleged trespass committed.

The jury found (1) that the fence was within the east line of Adams street; (2) that it was so far within the east line of the sidewalk ordered to be built in May, 1910, as to necessitate its removal in order that the walk might be built as ordered; (3) that in May, 1910, plaintiff had knowledge of the fact that the fence was so located with reference to the sidewalk; (4) that plaintiff had knowledge of the fact that the fence was so located with reference to the sidewalk at the time she promised to build the sidewalk in September, 1910; (5) that the fence in question incommoded, hindered, or endangered public travel along the east side of the street; (6) that defendants used reasonable care in removing the fence; (7) that the cost of replacing the fence in as good condition as it was prior to its removal would be $12.50; (8) that defendants were not actuated by wilful or malicious motives in removing the fence; (9) that plaintiff was not entitled to punitory damages. From a judgment rendered for defendants on this verdict plaintiff appeals.

For the appellant there was a brief by *F. W. Hall* and *John L. Sherron,* and oral argument by *Mr. Hall.*

For the respondents there was a brief by *A. S. Douglas,* attorney, and *Jeffris, Mouat, Oestreich & Avery,* of counsel, and oral argument by *L. A. Avery.*

BARNES, J. The provisions of secs. 1326 and 1330, Stats. (1898), are applicable to cities. Sec. 1347, Stats. (1898); *State v. Leaver,* 62 Wis. 387, 22 N. W. 576; *Pauer v. Albrecht,* 72 Wis. 416, 39 N. W. 771; *State v. Pomeroy,* 73 Wis. 664, 41 N. W. 726; *Hubbell v. Goodrich,* 37 Wis. 84.

The principal question in the case is whether the fence constituted an obstruction within the meaning of sec. 1326, Stats.

(1898), or an encroachment within the meaning of sec. 1330. If the former, the city officials might summarily remove it; if the latter, they might not. Any object unlawfully placed within the limits of a highway is an obstruction if it impedes or seriously inconveniences public travel or renders it dangerous, and it is not at all necessary that such object should stop travel in order to be an obstruction. The cases so holding are numerous. *Neff v. Paddock,* 26 Wis. 546, 552; *Hubbell v. Goodrich,* 37 Wis. 84, 86; *State v. Leaver,* 62 Wis. 387, 392, 22 N. W. 576; *State v. Pomeroy,* 73 Wis. 664, 665, 41 N. W. 726; *Chase v. Oshkosh,* 81 Wis. 313, 319, 51 N. W. 560; *Bartlett v. Beardmore,* 77 Wis. 356, 365, 46 N. W. 494; *Konkel v. Pella,* 122 Wis. 143, 146, 99 N. W. 453; *Jones v. Tobin,* 135 Wis. 286, 115 N. W. 807.

Undoubtedly up to the time the De Haven walk was built the fence was merely an encroachment. The building of this walk on the correct line materially changed the situation, and what was before an encroachment might then become an obstruction. Four witnesses testified that the fence constituted an obstruction dangerous to public travel. The reasons advanced for this conclusion were: (1) pedestrians walking along the east side of the De Haven walk might thoughtlessly run into the post; (2) school children running along carelessly might bring their faces and eyes in contact with the cap on the post; (3) pedestrians walking northward on the De Haven walk when it was dark might run against the post and suffer injury; (4) three persons walking abreast could not pass the jog in the walk without one of them dropping back. We think this evidence was sufficient to warrant the jury in finding that the fence was dangerous to public travel and therefore an obstruction. *Neale v. State,* 138 Wis. 484, 487, 120 N. W. 345. This issue was submitted to the jury by the following question: "Did the fence in question incommode, hinder, or endanger public travel along the east side of said street?" To which the jury answered "Yes." The question

submits three disjunctive propositions and might be answered in the affirmative without unanimous concurrence on any one of them by the jurors. No error is assigned on the form of the verdict and there was no request that the different propositions be made the subject of separate questions, and if there is any infirmity about the question we must presume a finding by the trial court in support of the judgment on the material issues not passed upon by the jury.

It is argued that the court erred in admitting testimony with respect to building the sidewalk adjacent to plaintiff's property, and that no evidence should have been received as to the condition of plaintiff's sidewalk. The condition of plaintiff's walk was testified to by plaintiff before resting her case and in answer to questions propounded by her own counsel. Evidence in reference to the building of the new walk was also offered by plaintiff's counsel as part of their case in chief, the portion of the examination of *Johonnott* as an adverse witness, taken before trial and which was read, dealing largely with that subject. The evidence bearing on this assignment of error, given by the witnesses *Johonnott* and *Ruegger,* and quoted in appellant's brief, was brought out on cross-examination by appellant's counsel, so they cannot predicate error on it. There was no ruling on such evidence, and presumably the court would have sustained an objection thereto had counsel objected to their own questions. Other evidence said to have been given by *Johonnott* on page 132 of the record was in fact given by the witness *Roth* on pages 133 and 134 of the record, and was elicited by plaintiff's counsel on cross-examination. The only part of the evidence quoted in the brief which was brought out by defendants was a statement of the witness Mackey that the new walk could not be built where it was without removing the fence. This was a self-evident proposition. No error was committed in receiving evidence of the character complained of, and in any event the appellant is in no position to complain. The question of punitory damages was submitted to the jury, and it was en-

tirely proper for the defendants to assert that they acted in good faith in removing the fence because it was necessary to build a new sidewalk and they desired to build it on the line of the walk already constructed.

Furthermore, appellant claims that she is entitled to judgment because the city officials committed a trespass in laying the walk. In support of the contention last suggested it is said that the city officials ignored the provisions of law, in that they failed to declare the walk defective, passed no order requiring the old walk to be removed, and never served a written order or resolution on plaintiff, as required by sec. 925—204, Stats., as amended (Laws of 1907, ch. 674). Waiving the question that no such ground of recovery is relied on in the complaint, we do not see how the city officers can be held guilty of a trespass for laying a sidewalk in a street. These defects, if they existed, might enable plaintiff to resist payment of the expense of the walk, but did not make officers who confined their operations to the street trespassers on plaintiff's lots.

*By the Court.*—Judgment affirmed.