Collins, Plaintiff in error, vs. The State, Defendant in error.

*January 14—February 1, 1916.*

*Highways: Obstruction: Statute construed: Action, civil or criminal?
When a fence is an obstruction.*

1. Sec. 1326, Stats., since its amendment by ch. 143, Laws 1909, makes the obstruction of a public highway in the manner therein stated a crime punishable in a criminal action.

2. Although not specifically mentioned in sec. 1326, Stats., a fence wilfully placed in the traveled track of a highway constitutes an obstruction, within the meaning of that section. In the light of the history of the statute, fences so placed must be deemed to be included in the general words "other materials or substances intended or calculated to impede or incommode the lawful use of such highway."

ERROR to review a judgment of the circuit court for St. Croix county: GEORGE THOMPSON, Circuit Judge. *Affirmed.*

The plaintiff in error, hereinafter called the defendant, is charged in the information with obstructing a public highway by wilfully and maliciously placing and building a fence within and along the traveled track in violation of sec. 1326, Stats. 1915.

The defendant together with his brother is the owner of the southwest quarter (S. W. ¼) of section thirty-six (36), range nineteen (19), in the town of Troy in St. Croix county. A highway ran along the north side of this tract of land which had been used by the public for a period of forty years or more. When defendant purchased the land his grantors told him that one Simpson, owner of land on the other side of the highway, was encroaching on the north side of the traveled track and that no part of the grade along the north side of this land was on the southwest quarter (S. W. ¼) of section thirty-six (36), the land which they sold to him. The defendant, being under the impression that the highway was encroaching on his land, consulted an attorney in regard to building a fence along his north line. The attorney advised him that he might build a fence along his north line, and that if the town officers disputed his right to put a fence there they would probably tear it down and he could then bring an action in trespass and try out the question as to the location of the highway. Defendant, relying on this advice, built a fence in and along the highway. Part of this fence was in the traveled track of the highway. Mr. Simpson, his neighbor, who was then the pathmaster, told defendant not to build a fence there until he obtained permission from the town chairman, but defendant replied, "He didn't care." Simpson then called up the chairman and again spoke to the defendant and delivered the chairman's message to the effect that *Collins* must not build the fence, to which *Collins* an-

swered, "I don't care; going to build the fence anyhow." Simpson again told him he better not build the fence until the line was established. *Collins* then said, "I will fence anyhow," and did erect the fence.

The action was commenced in justice's court and the defendant answered and deposited a bond conditioned on an appeal to the circuit court. The justice's court found the bond sufficient. Defendant moved for a discharge on the ground that the complaint did not state a crime or an offense under the statutes, but this motion was overruled. The trial proceeded in justice's court, and the defendant, offering no testimony, was adjudged guilty of the offense.

Upon appeal to the circuit court the defendant was convicted and sentenced to pay a fine of $25 and the costs of the prosecution, amounting to $148, and in default of the payment of the fine and costs he be confined to the common jail of St. Croix county, Wisconsin, until such fine and costs are paid, not to exceed four months. To review such judgment defendant sued out this writ of error.

For the plaintiff in error there was a brief by *McNally & Doar* and *F. M. White,* and oral argument by *W. T. Doar.*

For the defendant in error there was a brief by the *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Messerschmidt.*

SIEBECKER, J. Sec. 1326, Stats., prior to its amendment by ch. 143, Laws 1909, provided for the punishment of persons for obstructing any highway by imposing a penalty as a forfeiture which was recoverable in a civil action. The amendment changed the nature of the offense from "a forfeiture" to "a misdemeanor" and increased the penalty from a maximum of twenty-five dollars to "a fine of not less than ten nor more than one hundred dollars." From the contents of the amended statute it is clear that the offense is made a crime punishable in a criminal action. The objections that

the state proceeded wrongfully against the defendant by prosecuting him criminally for the alleged offense are not well taken, and the ruling of the circuit court on these points must be affirmed.

It is argued that the court erred in holding that sec. 1326, Stats. 1915, as amended, denounces the placing of fences in highways as an obstruction if intended or calculated to impede or incommode the lawful use of such highways. The history of the legislation as embodied in this section of the statutes shows that the mischief which the legislature intended to provide against was the obstruction of highways which rendered it dangerous to the public while traveling thereon. It is obvious that the object of the amendment to the law in 1909 was to enlarge its scope so as to include certain specific dangers to travelers not theretofore included in the statutes. This was accomplished by inserting an enumeration of the specific dangers in the statute before the general words "or other materials or substances." The last quoted words were evidently used to designate the obstructions which were included in the statute before this amendment. The statute was thus enlarged in its scope by denouncing as criminal the specific acts of placing in any highway "any depression, ditch, humps or embankments of earth, logs, stone or stones, nails, glass," in addition to what was denounced thereby before its amendment. This court declared under the old act that: "It is the settled law of this state that a structure within the limits of the highway which impedes or seriously inconveniences travel thereon constitutes an 'obstruction' within the meaning of sec. 1326, Stats. (1898), authorizing its summary removal." (Citing.) *Jones v. Tobin,* 135 Wis. 286, 115 N. W. 807. It was also held that a fence post placed in the traveled portion of a sidewalk on a highway is an obstruction within the statute in its amended form. *Jennings v. Johonnott,* 149 Wis. 660, 135 N. W. 170.

We have examined the evidence and are satisfied that it is sufficient to warrant the jury in finding that defendant wil-

fully placed the fence in the traveled track of the highway in question with the intent to impede or incommode the lawful use of this highway. We find no reversible error in the record.

*By the Court.*—The judgment of the circuit court is affirmed.