141 F.3d 1178
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jesus Alex SANCHEZ and Mary Louise Sanchez, Plaintiffs-Appellants,
v.
CROWN EQUIPMENT CORPORATION, Which will do business in
California under the Name Crown Lift Trucks, a California
Corp., aka Crown Lift Trucks, a business entity; Crown
Equipment Corporation, an Ohio Corporation; Does 9-100,
Defendants-Appellees
 No. 96-56543.
D.C. No. CV-93-05160-JSL.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Feb. 2, 1998.
Decided Feb. 27, 1998.
 
 Appeal from the United States District Court for the Central District of California J. Spencer Letts, District Judge, Presiding.
 Before PREGERSON, BEEZER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history of this case and we will not recount it here except as necessary to clarify our decision.
 
 1. Collateral Estoppel and Choice of Law
 
 3
 Sanchez asks that we give preclusive effect to two decisions rendered against Crown in other states. Specifically, Sanchez contends that Hopper v. Crown, 646 So.2d 933 (La.Ct.App.1994) and Hansen v. Crown Controls Corp., 181 Wis.2d 673, 512 N.W.2d 509 (Wis.Ct.App.1993) estop Crown from relitigating the issue of design defectiveness.
 
 
 4
 The full-faith-and-credit principles of Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985) determine whether we may give these out-of-forum-state decisions preclusive effect. Federal courts must "accept the [preclusion] rules chosen by the State from which the judgment is taken." Id. at 380. Louisiana courts would not give Hopper preclusive effect. Welch v. Crown Zellerbach Corp., 359 So.2d 154, 156 (La.1978). Thus, we may not do so. Wisconsin courts only give valid, final judgments preclusive effect. State v. Mechtel, 176 Wis.2d 87, 499 N.W.2d 662, 666 (Wis.1993). A judgment that has been reversed is not considered 'valid' for this purpose. Town of Fulton v. Pomeroy, 111 Wis. 663, 669, 87 N.W. 831 (1901). Hansen was reversed in an unpublished opinion. Hansen v. Crown Controls Corp., No. 92-3214, 1994 Wisc.App. LEXIS 1278, at * 8 (Wis.Ct.App. Oct. 18, 1994). Therefore, we may not give Hansen preclusive effect.
 
 2. The Applicable Law
 
 5
 The district court erred when it failed to apply California design defect law as articulated in Barker v. Lull Eng'g, 20 Cal.3d 413, 143 Cal.Rptr. 225, 573 P.2d 443 (Cal.1978). To provide guidance to the district court on remand, we note that Barker does not require Sanchez to introduce statistical evidence of causation, or to show that the design would have caused the accident every time. Nor must Sanchez demonstrate that the design of Crown's forklifts was defective. Instead, Sanchez only need show that the design feature--defective or not--was a substantial causal factor in the injuries that he received. If Sanchez makes this showing, the burden then shifts to Crown to demonstrate that the doorless rear-entry design of its forklifts is not defective.
 
 3. Admissibility of Evidence
 
 6
 We hold that Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), does not render inadmissible the affidavit of Sanchez' forklift expert, John Sevart. Where, as here, a witness acquires his expertise by dint of experience or training rather than through scientific methodology, we have found Daubert inapplicable. McKendall v. Crown Control Corp., 122 F.3d 803, 806 (9th Cir.1997). But we hold that the district court abused its discretion when it admitted Crown's "Marhefka Report." The Marhefka Report lacked a proper foundation because an attorney's signature alone is insufficient to authenticate a document. Hal Roach Studios, Inc. v.. Richard Feiner and Co., 896 F.2d 1542, 1551 (9th Cir.1989).
 
 4. Sufficiency of the Evidence
 
 7
 We hold that Sanchez adduced sufficient evidence to defeat Crown's summary judgment motion. California courts have held that the finder of fact may infer causation where, as here, a plaintiff sustains his injuries while fleeing from an allegedly defectively-designed machine. Barker, 143 Cal.Rptr. 225, 573 P.2d at 447; Dimond v. Caterpillar Tractor Co., 65 Cal.App.3d 173, 182, 134 Cal.Rptr. 895 (1976). Sanchez has attested that the design caused him to leap from the runaway forklift. The Sevart affidavit supports this theory of causation, and Crown failed to oppose Sanchez' evidence with any admissible evidence of its own.
 
 CONCLUSION
 
 8
 For the foregoing reasons, we vacate the district court's judgment and remand for further proceedings consistent with this disposition.
 
 
 9
 REVERSED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3