Millikan *v.* The City of Lafayette.

### No. 13,683.

### MILLIKAN *v.* THE CITY OF LAFAYETTE.

| 118 | 323 |
| 123 | 396 |
| 118 | 323 |
| 125 | 453 |
| 118 | 323 |
| 131 | 158 |

TAXES.—*Invalid Sale.—Reimbursement of Purchaser.— Governing Statute.*—A proceeding, brought after the tax law of 1881 went into force, by a purchaser at a city tax sale made under the law of 1872, wherein the plaintiff seeks to be reimbursed from the city treasury for the taxes paid by him, is governed by the law of 1881.

SAME.— *When Purchaser Entitled to Reimbursement.—Description of Land.— City.—Judgment.—Conclusiveness of.*—The right of a purchaser to be reimbursed from the public treasury for taxes paid by him, on account of uncertainty in the description of the land sold, only exists where the description is so indefinite as to fail to carry a lien; yet if the description is not of this character, but an action is brought by the owner of the land against the city treasurer and the purchaser, and defended by the city, wherein it is decreed that the purchaser acquired no lien, and his certificate is cancelled and the plaintiff's title quieted, the city is concluded by the judgment, and the purchaser is then entitled to be reimbursed, under section 6487, R. S. 1881.

From the Tippecanoe Superior Court.

*J. C. Blacklidge, W. E. Blacklidge* and *B. C. Moon,* for appellant.

*W. C. L. Taylor,* for appellee.

BERKSHIRE, J.—The complaint states the following facts: On the 18th day of February, 1880, there appeared on the tax duplicate of the city of Lafayette, and upon the delinquent tax list thereof, then in the hands of Collins Blackmer, the treasurer of said city, in the name of O. H. Temple, and opposite to his name on said duplicate and delinquent list, the following description of real estate, to wit: "80x143 ft. in Wilson's addition in S. 29, T. 23, R. 4," which name and description were and had been so placed upon said duplicate and delinquent list by the officers of the said city whose duty it was to make out the same, and such name and description had been so placed, as alleged, as other names and lands had been placed upon said duplicate, in order to indicate who was

the owner, and whose property or real estate was liable for taxation in said city, and to enable the treasurer of said city to make the proper collection of taxes that appeared upon said duplicate and list; and at such time, by said duplicate and list, said Temple appeared to be the owner of said real estate as above described; and it further appeared by said duplicate and list, that there was due and unpaid taxes to said city from said Temple, on account of said real estate, in the sum of $297.34, and which taxes appeared to be delinquent for the years 1868, 1869, 1870, 1871, 1872, 1873, 1874, 1875, 1876, 1877, 1878 and 1879. From the 9th to the 11th day of February, 1880, the treasurer of said city had and held a public sale of lands, at the door of the court-house in said city, which had been returned delinquent for non-payment of taxes, for the year 1879 and former years, and, among other lots and lands within the limits of said city, he offered for sale that in the name of said Temple, as above described, and there being no bid therefor, the same was forfeited to the city, and on the 18th day of the same month, said tax being still unpaid, the appellant bought the same of the said treasurer at private sale, and paid therefor $297.74, which included taxes, interest, costs, penalties and charges due against said real estate, as the same appeared on the said duplicate on the day said real estate was offered for sale at public sale; that the treasurer executed to the appellant a certificate of purchase for said real estate by the following description: "80x143 feet south of Wilson's addition to the city of Lafayette, being land attached to said city in sect. twenty-nine (29), town. twenty-three (23) north, of range four (4) west, the same being more definitely described as follows: Beginning at the southwest corner of lot number three (3), in R. P. Wilson's addition to the city of Lafayette, thence south parallel with Ohio street 82 feet, thence west to the State road, running where Wabash street, if extended, would run, supposed to be one hundred and forty-three (143) feet, thence north along the east line of said State road eighty-two (82) feet, thence

to the place of beginning." Afterwards, on the 29th day of December, 1881, the appellant paid the taxes assessed against said real estate for the years 1880 and 1881, amounting to $37.78, and took the treasurer's receipt for the same. Then follows a part of the complaint, which we quote:

"And the plaintiff further says that, on the 4th day of February, 1882, the said O. H. Temple, in the name of Orange H. Temple, as plaintiff, commenced an action in the circuit court of Tippecanoe county, Indiana, against the plaintiff herein and William Schilling, as treasurer of said city of Lafayette, said Schilling being the treasurer of said city, to quiet his title to the aforesaid real estate, as against said Schilling, the treasurer, as aforesaid, and the plaintiff herein, and all persons claiming by, through or under them, and that the said Schilling, treasurer aforesaid, be forever enjoined and restrained from executing a deed upon said certificate issued to the plaintiff herein upon said private sale aforesaid by the said Blackmer, and that the plaintiff herein be decreed and directed to deliver up said certificate for cancellation, and that the same be cancelled. And it was further averred, among other things, in the complaint filed in said action, that none of the aforesaid real estate had been listed or assessed for taxation for any purpose or in any manner by said city, any of the officers, or by any person or persons for it, for any of the years hereinbefore set forth; and, further, that the description as first set forth, and as appeared on the duplicate and delinquent duplicate, was indefinite, uncertain, and described no property whatever, and that no sale could be based thereon, and no rights thereunder of any kind could be acquired by a purchaser at said tax sale aforesaid; that, upon said complaint in said action, such proceedings were had in said court and against the defendants therein, that it was finally determined and adjudged by the court that the title of said Temple to the real estate lastly described herein be forever quieted as against the plaintiff herein and the said William Schilling, and that the purchase made by the plain-

tiff herein at private sale of said real estate, on said 18th day of February, 1880, under the description herein first set forth, be set aside and held for naught, and that the plaintiff herein be forever enjoined and restrained from taking or receiving a deed upon his said certificate of purchase, and that by his said purchase he take no rights whatever, or secure any interest in, or lien upon, said real estate whatever; and that said William Schilling, or his successor in office, be forever enjoined from issuing a deed to the plaintiff herein, or to any person claiming under him, upon the certificate aforesaid. The plaintiff further says that the defendant herein, by its attorney, appeared to said action by and on behalf of the said treasurer, William Schilling, which was so commenced on the 4th day of February, 1882, and in which said proceedings aforesaid were had, and filed pleadings for and in behalf of said treasurer, and upon which the aforesaid adjudication was had, and that such appearance on the part of such attorney was not in the interest of said treasurer, but in the interest of the defendant herein."

To the complaint the court below sustained a demurrer, the appellant reserved the proper exception, and the appellant refusing to amend his complaint, judgment was rendered for the appellee.

At the time of the sale the statute of 1872 was in force, but before the institution of the suit brought by Temple against the appellant and the treasurer of the appellee, recited above, the statute of 1881 came into force.

We are of the opinion that the statute of 1881 controls, and must be looked to in determining the rights of the parties. *Peckham* v. *Millikan*, 99 Ind. 352; *McWhinney* v. *City of Indianapolis*, 101 Ind. 150; *Helms* v. *Wagner*, 102 Ind. 385; *Culbertson* v. *Munson*, 104 Ind. 451.

The only substantial difference between section 6487, R. S. 1881, and section 228, 1 R. S. 1876, p. 124, which is the corresponding section, is, that we find the following words in the former that are not in the latter: "Or if the description

is so imperfect as to fail to describe the land or lot with reasonable certainty."

But when we come to construe section 6487 with section 6488, and section 228 with section 229, we must come to the conclusion that there is no substantial difference between the statutes, except in sales where the land or lot is so uncertainly and vaguely described that the statute can not find it so as to cast a lien upon it.

In a case of that kind, under the act of 1881, the right to be reimbursed from the county or city treasury (as the case may be) is given, but did not exist under the act of 1872, as found in 1 R. S. 1876. *State, ex rel.,* v. *Casteel,* 110 Ind. 174; *Sharpe* v. *Dillman,* 77 Ind. 280.

It is not every imperfect description that gives this right, however, but only one such as we have indicated. The description may be uncertain and indefinite, and so much so as to render the sale ineffectual to convey title, but be sufficiently definite and certain to carry a lien. *Sloan* v. *Sewell,* 81 Ind. 180 ; *State, ex rel.,* v. *Casteel, supra; Cooper* v. *Jackson,* 99 Ind. 566 ; *Worley* v. *Town of Cicero,* 110 Ind. 208. Such, we think, was the description in the case under consideration, and we would be compelled to hold the complaint bad, independent of the averments as to the former adjudication between Temple, who held the title, and the appellant and the city treasurer. In the complaint in that case it was averred that the description was so uncertain that the appellant acquired no lien upon the real estate, or interest of any kind therein ; the city treasurer was enjoined from making a deed to the purchaser, and it was decreed that the appellant by his purchase acquired no lien or interest of any kind upon or in the real estate, and his certificate was cancelled. The city was not a party to the action, but its city treasurer, upon whom the laws cast the duty of making the sale, issuing the certificate and making the deed, was a party. R. S. 1881, sections 3091, 3092, 3093, 3094.

It is further averred that the city defended the action in

the name of its treasurer, by its own attorney, for its own benefit. We are of the opinion that the judgment and decree were binding on the city to the same extent as though it had been named as a party to the action. *Montgomery* v. *Vickery*, 110 Ind. 211; Freeman Judgments, section 174; *Stoddard* v. *Thompson*, 31 Iowa, 80; *Cole* v. *Favorite*, 69 Ill. 457; *Wood* v. *Eusel*, 4 Cent. Law Journal, 120; *In re* *Ayers*, 123 U. S. 443; *Palmer* v. *Hayes*, 112 Ind. 289; *Burns* v. *Gavin*, ante, p. 320.

We are further of the opinion that the decree and judgment bring the case within section 6487, R. S. 1881, and that the facts averred give to the appellant the right to be reimbursed from the city treasury, and that therefore the complaint was good, and the demurrer should have been overruled.

Judgment reversed, with costs.

Filed April 18, 1889.