Armstrong *et al. v.* The Farmers' National Bank of Frankfort.

Filed March 12, 1892.

---

No. 15,087.

## ARMSTRONG ET AL. *v.* THE FARMERS' NATIONAL BANK OF FRANKFORT.

PLEADING.—*Exhibit.*—*Supplying Omission in Pleading.*—A paper not properly an exhibit can not supply an omission in the pleading.

PLEADING AND SURETY.—*Replevin Bail.*—*Sale of Surety's Land Before that of Principal.*—*Waiver.*—*When Right to Subrogation Ceases.*—A replevin bail by voluntarily paying the judgment against his principal does not lose his right to be subrogated to the lien of the judgment; nor does he lose such right if he permit his own land to be levied upon and sold

Armstrong *et al. v.* The Farmers' National Bank of Frankfort.

without compelling the executive officer to first levy upon the land of the principal; neither does mere procrastination, not extending beyond the expiration of the lien of the judgment, defeat his right.

From the Clinton Circuit Court.

*J. V. Kent,* for appellants.

*S. H. Doyal* and *P. W. Gard,* for appellee.

McBRIDE, J.—The appellee by this proceeding sought to enjoin the sale by the sheriff of Clinton county of certain land levied upon by him.

The only question we deem it necessary to consider is the sufficiency of the complaint, which was properly and seasonably challenged by demurrer.

While the suit was brought to enjoin the sale of land, the complaint contains no description whatever of the land. Reference is made to an exhibit, which is said to be attached to the complaint, and to contain a description of the land in question, but the exhibit forms no part of the complaint, and can not be considered for any purpose. While the code provides for the filing, in certain cases, of papers, or copies, as exhibits, it gives no warrant for the practice here attempted. The so-called exhibit is not in any sense a writing, or a copy of a writing, upon which the complaint is founded, but is simply one of the essential averments which the pleader has entirely omitted, and has sought to bring in by reference to some other paper. If the particular averment here in question may be omitted, and thus supplied, any material averment in a pleading may with equal propriety be supplied in a similar manner. *Wilson* v. *Vance,* 55 Ind. 584; *Knight* v. *Flatrock, etc., T. P. Co.,* 45 Ind. 134; *Pollard* v. *Bowen,* 57 Ind. 232; *Cassiday* v. *American Ins. Co.,* 72 Ind. 95; *Huseman* v. *Sims,* 104 Ind. 317; *Dumbould* v. *Rowley,* 113 Ind. 353, with many other cases.

The practice is inadmissible in any case, but is especially objectionable where, as in the case at bar, the pleading is required to be verified.

The complaint is also fatally defective upon other grounds. It is averred that the appellee acquired title to the land through a sheriff's sale, and has since conveyed it to various parties by warranty deeds, and brings this suit for the protection of its grantors, and to avoid liability on its covenants of warranty. The sale through which it claims was made under a judgment recovered by it against one Isaac D. Armstrong and another, March 14th, 1877. The lands were levied upon and sold as the property of said Isaac D. Armstrong, and bid in by the appellee August 12th, 1882. March 15th, 1876, a judgment was recovered against said Armstrong and another by one Burns. On this judgment the appellant became replevin bail. June 2d, 1876, Isaac D. Armstrong conveyed to the appellant certain real estate, which, in common with the land in controversy, was subject to the lien of both judgments. This real estate, thus conveyed to the appellant, was afterward levied upon and sold to satisfy the Burns judgment. When this was done does not appear from the complaint, except that it was prior to the appellee's sale of August 12th, 1882.

The sale which this action was brought to enjoin was upon an execution which the appellant had caused to issue on the Burns judgment for his use as replevin bail. The appellee avers that when he bid in the land at his own sale he had no notice that the Burns judgment was not satisfied by the former sale, or that the appellant had paid it, or that it was in any manner a lien upon the land.

As we understand his contention, it is that the appellant, by allowing his land to be sold to satisfy the Burns judgment, instead of compelling the officer to first exhaust the property of his principal, waived his rights as replevin bail as against the appellee; that such conduct justified the appellee in the belief that the Burns judgment was fully satisfied and discharged by the first sale, and, coupled with the additional facts that the appellant's property, being conveyed

to him after the lien of the Burns judgment had attached to it, was levied upon as the property of Isaac D. Armstrong, and that the appellant had delayed the enforcement of his rights as replevin bail for eight years, together estop him from now enforcing it as against the appellee.

While section 698, R. S. 1881, makes it the imperative duty of the officer to exhaust the property of the judgment debtor before levying upon or selling the property of the replevin bail, the right of the surety to the protection afforded him by section 1214, R. S. 1881, does not depend upon whether or not the officer has discharged that duty. The latter section provides that when the replevin bail is compelled to pay, or " shall make any payment which is applied upon such judgment," etc., it shall not be discharged by such payment, but shall remain in force for his use. Whether the payment is made in money or by the sale of his property is not material.

Nor is compulsory payment necessary. He may pay voluntarily, and will be entitled to keep alive and enforce the judgment for his use.

While, on the facts as pleaded, it was the duty of the sheriff to have first levied upon and sold the property of the judgment debtor, Isaac D. Armstrong, and while he might have been compelled by the appellant to do so, it can not be said that the appellant waived any right by not compelling the performance of duty by the officer. If in fact his property was sold to satisfy the judgment, he is entitled to have it kept alive and enforced for his use. This he may do at any time during the existence of its lien. Mere delay upon his part, if not prolonged until the lien of the judgment has expired, can not of itself operate as a waiver of his right. Nor can it of itself and alone serve to estop him. The entering of replevin bail is an act of which all persons are bound to take notice, and the law, which all are presumed to know, charges them with knowledge of his rights.

The court erred in overruling the demurrer to the complaint.

Judgment reversed, with costs.