(No. 33175.—

L. E. WHITEHEAD *et al.*, Appellants, *vs.* THE VILLAGE OF LOMBARD *et al.*, Appellees.

*Opinion filed September 23, 1954.*

HOWARD & HOWARD, of Chicago, and HADLEY & LEREN, of Wheaton, (MARSHALL S. HOWARD and PALMER LEREN, of counsel,) for appellants.

WINSTON, STRAWN, BLACK & TOWNER, of Chicago, and RATHJE & WOODWARD, of Wheaton, (JOHN C. SLADE, DOUGLAS C. MOIR, and EDWARD J. WENDROW, of counsel,) for appellee American Can Company.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Du Page County. The suit was brought by the appellants and involves the validity of zoning and annexation ordinances of the village of Lombard. The trial court has certified that the validity of municipal ordinances is in question and that public interest requires an appeal directly to this court.

The property which is the subject matter of the zoning and annexation ordinances involved herein consists of approximately 40 acres of vacant land which adjoined the village of Lombard at its southern boundary. At the time the ordinances in question were enacted, the property was owned by Anna Von Poven and was sold by her to the American Can Company for the purpose of erecting thereon a research or experimental laboratory.

The action for a declaratory judgment was instituted by three residents and taxpayers of the village of Lombard, suing on behalf of all other citizens and residents of Lombard "equally affected," as well as on their own behalf.

The complaint sought to have two ordinances bearing numbers 588 and 589 declared invalid. Both were enacted

by the board of trustees of the village of Lombard and approved by its president on September 2, 1952. Number 588 is an amendatory zoning ordinance applying to the 40-acre tract lying immediately south of the southern boundary line of the village between Main Street on the west and Hammerschmidt on the east, and described therein as "Lots 1 and 2 of Owner's Assessment Plat," etc.

Ordinance 589 is an ordinance annexing lot 2 of said tract, containing approximately 38 acres, to the village of Lombard.

Prior to the enactment of the challenged ordinances, the entire 40-acre tract lay outside of and adjoining the south territorial limits of Lombard—(the center line of Wilson Road)—and was owned by Mrs. Anna Von Poven.

On May 21, 1952, the appellee American Can Company, through its nominee, executed an agreement with Mrs. Von Poven by which she granted the nominee the option to purchase the entire tract for $92,500, of which $500 was paid at the time the agreement was executed. Mrs. Von Poven agreed to execute all applications and other papers necessary to secure the annexation of the tract to the village of Lombard and zoning to permit its use for the erection of a research laboratory.

The Lombard zoning ordinance at that time contained a provision to the effect that any additions to the corporate area of the village should be "automatically classified as in the 'A' Single Family Regulations, until otherwise classified by amendment."

Thereafter on September 2, 1952, by ordinance No. 588, this provision was amended upon the recommendation of the Lombard zoning board of appeals, after a public hearing, to provide that any part or parts of said 40-acre tracts should, when annexed to the village, be classified as in the "F" Special Use District with respect to which the ordinance contained detailed provisions for use, height, and area regulations appropriate to such use.

At the same meeting the president and five trustees then in office, comprising all the existing corporate authorities of the village, adopted the annexation ordinance No. 589, by a vote of four in favor of and two against.

The village board of Lombard had consisted of six members and a president, but prior to the date of the enactment of the questioned ordinances one member had resigned and his place had not yet been filled.

It is contended by the appellants that under section 7-6a of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1953, chap. 24, par. 7-6a,) the annexation ordinance required the approval of two thirds of the elected corporate authorities; that although there was a vacancy on the board caused by the resignation of one of the trustees, the statute contemplates a two-thirds majority of a full board; and that, therefore, in the city of Lombard five and not four votes were required to validly enact the annexation ordinance.

Appellants rely primarily upon the decision of this court in the case of *McLean* v. *City of East St. Louis, 222* Ill. 510. In that case the city council of the city of East St. Louis consisted of fourteen aldermen. One, however, had resigned. A special assessment ordinance was offered and passed by a vote of seven in favor and five against, and later approved by the mayor. The ordinance was one requiring a simple majority of the city council, and the question before the court was whether or not that meant a majority of the council as it existed at that time or whether it meant a majority of a full council as originally elected. This court held that it meant the latter and the fact that there was a vacancy on the council did not change the requirement; that a majority of the full number eligible to be elected was required to pass the ordinance.

However, it will be noted in that case that the statute provided that a "majority of all the members *elected* in the city council shall be necesary to the passage of any

such ordinance or proposition," whereas in the case of annexation (par. 7-5) it provides "A two-thirds vote of the corporate authorities is required to annex."

The village board of Lombard, as elected, consisted of six trustees and the village president. One of the trustees had resigned and at the time of this hearing the vacancy was still unfilled. This left the five trustees and the president of the board as the corporate authorities of the village of Lombard.

There being no limiting language as was apparent in the *McLean case*, the vote of four to two constituted a two-thirds vote of the "corporate authorities," as then existing, and a sufficient number of the corporate authorities to pass the annexation ordinance.

A similar, if not the exact, question had been heretofore tried, litigated and decided in a previous suit in the circuit court of Du Page County. After the passage of the zoning and annexation ordinances, Mrs. Von Poven requested the issuance by the village of a certificate of occupancy, which the village zoning ordinance required as a condition precedent to the use of the annexed portion of the tract (38 acres) as a site for a research laboratory. The village authorities refused to issue the certificate on the advice of the village attorney that the tract had not been properly annexed. Von Poven thereupon authorized the bringing of a *mandamus* action in her name to compel the issuance of the certificate of occupancy provided for in the ordinance. The petition for a writ of *mandamus* alleged the passage of the amendatory zoning (588) and the annexation (589) ordinances, also the legal conclusion that only four votes were necessary for passage since a member of the board had previously resigned, and therefore, his office was not to be counted in determining whether the ordinances had received a two-thirds vote. The answer of the village admitted all the allegations except the allegation that the annexation ordinance was passed by a two-

thirds vote of the corporate authorities. The plaintiff moved to strike the answer as legally insufficient and for entry of judgment and the issuance of the writ. On a full hearing before Judge Knoch, then presiding in the circuit court of Du Page County, the motion was sustained and a writ of *mandamus* ordered to issue directing the defendants to issue a certificate of occupancy as prayed. The village, by formal resolution, acquiesced in the judgment and did not appeal. It is insisted by the appellees that appellants are bound by the judgment that was entered in the *mandamus* action.

Von Poven's right to the *mandamus* writ depended upon the validity of both the annexation and the amendatory zoning ordinances. If the amendatory zoning ordinance was invalid for any reason then Von Poven was not entitled to the certificate of occupancy for the location thereon of a research laboratory which the village had refused. The village did not allege or claim the invalidity of the amendatory zoning ordinance as a defense to the *mandamus* action, but it could have done so. The American Can Company contends that under the facts existing in this case the appellants cannot litigate here the validity of the amendatory zoning ordinance, because the cause of action is the same as in the *mandamus* case, and the parties by representation are the same. *Harding Co.* v. *Harding*, 352 Ill. 417; *City of Elmhurst* v. *Kegerreis*, 392 Ill. 195.

The appellants also claim and assert that the amendatory ordinance fails to bear any relation whatsoever to public health, safety, comfort, morals or public welfare, of the village of Lombard. They stress that the entire area, with few exceptions, within the village, and bordering upon the property involved, is residential in character and composed largely of single-family residences. This situation is not true concerning the American Can tract of approximately 40 acres bordering on the southern boundary of the village. That tract was located wholly outside the

village where it had been subject to the zoning ordinance of Du Page County, and classified in the "F" (farming) district. That character of district was wholly foreign to a single-family residence district in a village or city. It permitted such usages as publicly owned sewage disposal plants, cemeteries, hospitals, sanitariums, institutions, poultry farms and other similar uses. Therefore, the village did not by its ordinance rezone the tract from a previously established single-family residence district.

While the brief of appellee American Can Company states that it no longer intends to erect a research laboratory upon the questioned tract, the contention of the appellants that the amendatory zoning ordinance has or will severally depreciate adjacent property values or that the ordinance fails to bear any relation to the public health, safety, comfort, morals or public welfare, is not supported by the testimony.

In the case of *Wesemann* v. *Village of La Grange Park,* 407 Ill. 81, it was stated that "The judgment of municipal authorities with reference to zoning is conclusive unless it is shown to be arbitrary, capricious and unrelated to the public morals, safety and general welfare, and, where there is room for a legitimate difference of opinion concerning the reasonableness of a particular zoning ordinance, the finding of the legislative body will not be disturbed."

The chancellor in this case, after hearing all of the evidence taken in open court, expressly found in his decree that the amendatory zoning ordinance constituted a proper exercise of the zoning power and was in no respect arbitrary or unreasonable. We find nothing in the record here to disturb such finding.

The decree of the circuit court of Du Page County is affirmed.

*Decree affirmed.*