Louis Szczurak and Agnes Szczurak, His Wife v. Frank A. Veitschegger.

Frank A. Veitschegger, Third Party Plaintiff, Appellee, v. Frances Veitschegger, Third Party Defendant, Appellant.

Gen. No. 64–91.

Second District.

May 14, 1965.

Rehearing denied June 10, 1965.

James P. Moore, of Waukegan, for third party defendant-appellant.

Claude R. Calloway, of Waukegan, for third party plaintiff-appellee.

MR. PRESIDING JUSTICE ABRAHAMSON delivered the opinion of the court.

This is an appeal brought by a Third Party Defendant, hereinafter described as the Wife, from a

411

decision of the Circuit Court of Lake County in favor of the Third Party Plaintiff, hereinafter referred to as the Husband, finding the parties co-owners as tenants in common of certain real estate located in that county.

Frank and Frances Veitschegger were husband and wife in 1957 when they acquired the property in question as joint tenants. Subsequently, marital problems developed and the Wife filed a separate maintenance action. In April of 1959, while that suit was pending, the parties joined in a deed conveying legal title to the property to one Blanche Rehor, secretary to the attorney representing the Wife. There is a dispute between the parties as to their intentions in so doing, the deed having been signed while they were alone and apparently during the course of an argument. The Wife maintains the Husband conveyed his interest, in effect, to her in consideration of her promise not to seek alimony or child support in her law suit. The Husband, on the other hand, claims that he signed the instrument merely to assuage her fears that he might "take off," that is desert her and the children, or that he might place the title in some "disinterested person's name"; and that he had no intention of conveying his interest in the property to the Wife.

For a short time thereafter the parties resumed living together as husband and wife, and the separate maintenance suit was dropped. Within a short time after, however, the Wife left the Husband, filed a suit for divorce, and while that was pending, relocated in California. The Husband was awarded a Decree of Divorce in October of 1961 on his counterclaim for desertion. Neither the Complaint of the Wife nor the counterclaim of the Husband mentions or prays for relief in regard to the subject property.

The Decree included a finding that the parties had entered into a property agreement that was reasonable and ordered, in the usual language, as follows:

"That each of the parties is forever barred and foreclosed from dower, homestead, and from any and all other rights, claims or demands whatsoever against the other and to any and all claims or interests whatsoever in and to the property of the other now owned or hereafter acquired."

In addition, the transcript of proceedings in the divorce action reveals that the court inquired of the Husband if he was providing something for the support of his family, to which he answered in the affirmative. The Wife did not make a claim for the support of herself or the two minor children.

The record discloses that after signing the deed in April of 1959, the Husband continued to live on the property from time to time; found tenants for it, both before and after the Wife's move to California; collected rents; paid some of the mortgage installments; and expended some time and money in maintaining the property. He identified himself to the tenants as the owner.

Blanche Rehor has, in the meantime, conveyed the legal title to another party who then conveyed to the present titleholder, who is related to the Wife. It is agreed that no consideration passed in any of these transfers and that neither Blanche Rehor nor her successors in title had or has any real interest in the property. However, the present titleholder filed a quiet title action against the Husband alleging that he has no interest in the property and is wrongfully holding himself out as the owner. The Husband answered and filed the Third Party Complaint against the wife for partition alleging that they are co-owners, with which we are here concerned.

The trial court, after hearing the testimony of both Husband and Wife, and commenting on the confusion of the proceedings, in effect, ruled in favor of the husband and found them to be co-owners.

■ The property rights of the parties were not adjudicated by the Decree of Divorce. The issue of title was not raised in the pleadings nor during the hearing in the divorce suit and was not, therefore, before the court. For the provisions of the decree to be a bar, it would be necessary to establish that the matter was an issue in the divorce proceedings since any adjudication, to constitute a bar, must have been on what was actually in issue. Whitsel v. Cook County, 4 Ill2d 269, 122 NE2d 564. City of Elmhurst v. Kegerreis, 392 Ill 195, 64 NE2d 450.

■ The husband's contention as to the intention of the parties at the time of the execution of the deed in question, namely, that it was done merely to assuage her fears, is unsubstantiated, while the wife's testimony that the intention of the parties in the execution of the deed was in consideration of her promise not to seek alimony or child's support in her law suit, is corroborated by the provisions of the divorce decree and in the testimony appearing in the transcript of the evidence. For this reason we are of the opinion that the trial court was in error in finding for the Husband.

In view of our conclusions from the factual presentation of the evidence it is not necessary for us to pass on the question of whether or not the Husband was barred by laches from asserting his claim or that clear and convincing evidence is required to overcome the presumption of the gift and to establish a resulting trust.

The judgment of the trial court is reversed.

Judgment reversed.

DAVIS and MORAN, JJ., concur.