HILTI, INC., Plaintiff-Appellee, v. LAWRENCE L. GRIFFITH et al., Defendants-Appellants.

First District (3rd Division)      Nos. 76-819, 77-520, 77-818 cons.

Opinion filed June 28, 1978.—Rehearing denied March 13, 1979.

Chatz, Sugarman & Abrams, of Chicago (Joel A. Haber, of counsel), for appellants.

Clausen, Miller, Gorman, Caffrey & Witous, of Chicago (Norman A. Miller, James T. Ferrini, and Gary Kostow, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

Two appeals by the defendants are consolidated in this opinion. The first appeal is from a final order entered on May 12, 1976, finding a covenant not to compete contained in employment agreements signed by the defendants to be valid and enjoining the defendants from competing with their former employer, the plaintiff Hilti, Inc. (Hilti), in Cook County, Illinois and Lake County, Indiana, through December 16, 1976. Damages were not awarded. The second appeal is from a final order entered on March 21, 1977, denying the motion of the defendants to enjoin Hilti from pursuing arbitration for damages based upon the employment agreements which were the subject of the complaint and permanent injunctive relief resulting in the first appeal. The matter of the second appeal will be considered first.

On April 2, 1976, Hilti filed a complaint against Lawrence Griffith, Michael Reddy, and Gus Glaros seeking injunctive relief and liquidated damages according to the exact terms agreed to in the contracts, for the alleged breach by the defendants of the employment agreement each had entered into with Hilti. No mention was made in the complaint of Hilti's intent to pursue arbitration, and at no time during the hearing and trial did Hilti attempt to reserve the issue of liquidated damages for determination by an arbitrator. The language used in the prayer for damages was identical to that in the employment agreements themselves.

At a hearing on April 7, 1976, counsel for the defendants argued against the entry of any restraining or injunctive orders but also advised the court that the hearing for preliminary relief and a full hearing or trial on the merits should be consolidated, since a hearing for a preliminary injunction pending trial on the question of permanent injunctive relief would be duplicitous. On the basis of the complaint and the preceding argument the trial court took the matter under advisement and on the following day, April 8, 1976, entered a temporary restraining order against the defendants for a 10-day period stating that on the tenth day there would be a hearing on the merits. Counsel for Hilti made no objection to this procedure and acknowledged that the hearing that was about to commence was for a permanent injunction. He asked the court "if we are going to enter this TRO on one week from Monday, can we

anticipate that on that day we will have a full hearing on our motion for a permanent injunction at that time?" The written order granting the temporary restraining order itself stated that a hearing on the permanency of the injunction would be set for Tuesday, April 20, 1976.

After a six-day trial, a judgment order was entered granting permanent injunctive relief against the defendants. The trial court made no formal ruling as to damages nor did it reserve the determination of damages for subsequent arbitration. In its oral decision prior to the issuance of the written judgment order, the trial court referred both to the permanency of the relief and to damages stating:

"You, Mr. Haber, told me at the commencement of this matter that the proof as submitted would be, in effect, the case in chief, so, therefore, it should be an injunction for the nine months.

The contract also calls for damages. There is a case—I don't recall by whom it was submitted or whether my additional research disclosed it—but there will be no penalty as to damages here."

The written judgment order itself is silent on the question of damages.

In June 1976 Hilti filed a demand for arbitration with the American Arbitration Association in Stamford, Connecticut. The demand was served upon the defendants and sought damages pursuant to the provision contained in the employment agreements which the defendants had executed with Hilti. The employment agreements provided that if a violation occurred, Hilti could seek injunctive relief and recover certain specified liquidated damages. Each of the agreements signed provided that "any controversy or claim arising out of or relating to the agreements or breach thereof shall be finally settled by arbitration * * *." The agreements further provided that the right to such liquidated damages shall be "in addition to any rights of the company to have violations of said paragraph 1 enjoined and shall not be construed to be a waiver of any remedies available to the company."

The defendants attempted to dismiss the arbitration proceedings before the arbitration panel but were unsuccessful. They filed a motion in the trial court on February 25, 1977, to enjoin the arbitration proceedings then pending. That motion was denied on March 21, 1977, and the order was certified as both final and appealable. A notice of appeal was filed on April 12, 1977, and upon the defendant's motion this court stayed Hilti from pursuing arbitration pending this appeal.

The defendants contend that Hilti is barred from recovering damages because the trial court proceeding determined the case on the merits and the employment contracts provide for separate remedies but only one cause of action. They argue (1) that Hilti waived its right to arbitration by commencing a suit in court and participating to judgment;

(2) that all claims for relief arising out of the purported breach of the employment agreements merged into the final decree of the trial court; and (3) that the claim for liquidated damages which Hilti asserts in its demand for arbitration is barred by the final judgment.

■■ ■ Under the doctrine of *res judicata,* a final judgment on the merits rendered by a court of competent jurisdiction operates as a bar to any subsequent litigation between the same parties or their privies on matters found to be part of the same cause of action before the same or a different tribunal. (*Turzynski v. Liebert* (1976), 39 Ill. App. 3d 87, 90, 350 N.E.2d 76.) The cause of action merges into the judgment and that judgment is conclusive as to all matters which were litigated, which properly should have been litigated or might have been litigated in the original action. (*City of Elmhurst v. Kegerreis* (1945), 392 Ill. 195, 203, 64 N.E.2d 450; *Prochotsky v. Union Central Life Insurance Co.* (1971), 2 Ill. App. 3d 354, 356, 276 N.E.2d 388.) The value of a plea of *res judicata* is not determined by the reasons given by a court in support of that judgment nor is it mitigated by the fact that it rests upon an erroneous view of law. *Pierog v. H. F. Karl Constractors, Inc.* (1976), 39 Ill. App. 3d 1057, 1060, 351 N.E.2d 249; *People v. Kidd* (1947), 398 Ill. 405, 75 N.E.2d 851.

The court in *Pierog* described the criteria for determining whether a cause of action is the same as one previously litigated and therefore bars subsequent adjudication:

"A cause of action consists of a single group of facts which gives the plaintiff a right to seek redress for a wrong done by the defendant by which that right has been violated. (*City of Elmhurst v. Kegerreis,* 392 Ill. 195, 64 N.E.2d 450; *Bridgeport Hydraulic Co. v. Pearson* (1952), 139 Conn. 186, 91 A.2d 778.) The test generally employed to determine identity of causes of action for *res judicata* purposes is whether the evidence needed to sustain the second action would have sustained the first action. (Restatement of Judgments §61 (1942); *Melohn v. Ganley,* 344 Ill. App. 316, 100 N.E.2d 780.) The identity of the causes of action may be determined from the record as well as from the pleadings found in both actions. (*City of Elmhurst v. Kegerreis,* 392 Ill. 195, 64 N.E.2d 450; *Schoenbrod v. Rosenthal,* 36 Ill. App. 2d 112, 183 N.E.2d 188; *Reno Club, Inc. v. Harrah* (1953), 70 Nev. 125, 260 P.2d 304.) Although a single group of operative facts may give rise to the assertion of different kinds of relief, or different theories of recovery, it is still a single cause of action. Restatement of Judgments, §65, Comment, at 272 (1942); *Kaufman v. Somers Board of Education* (D. Conn. 1973), 368 F. Supp. 28." *Pierog,* at 1060-61.

■■■ In the case at bar, a single cause of action is at the base of Hilti's

complaint for injunctive relief and its subsequent attempt to arbitrate the issue of damages. A single group of facts give rise to the rights and duties of the defendants; both the right to damages and the right to injunctive relief arise out of the single occurrence of violating the employment contract. Therefore, if the court had sufficient evidence upon which to find a violation of the employment contract and enter an injunction against the defendants, it had sufficient evidence before it to award liquidated damages to Hilti.

■■ ■ Since Hilti in its complaint prayed for both equitable relief and damages provided for in the employment agreements in one count, the case was tried as a single equitable action pursuant to Supreme Court Rule 232(a). (Ill. Rev. Stat. 1975, ch. 110A, par. 232(a).) If such were not Hilti's intent, the complaint should have been drafted pursuant to Supreme Court Rule 135(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 135(b)) designating a separate action at law and a separate action in chancery. At no time prior to or during the trial or in the judgment did Hilti reserve or attempt to reserve its right to submit its claim to arbitration or separate its action for injunctive relief from its claim for damages. It was only after the trial court had heard the case on the merits and issued a final order and the defendants had filed their notice of appeal that Hilti made its demand for arbitration on the issue of damages. The opportunity was available to Hilti to preserve the *status quo* for a determination of damages and Hilti failed to avail itself of this opportunity, and submitted all the evidence necessary to support damages. It has waived its right to proceed to arbitration on that issue. However, Hilti argues further that the right to arbitrate damages has been preserved by the terms of the employment contracts and that the remedies available to it are divisible. We do not agree.

■■ ■ It is well settled that "a contractual right to arbitration may be waived by a party through conduct inconsistent with the arbitration clause, which would thus indicate that he had abandoned his right to avail himself thereof." (*Applicolor, Inc. v. Surface Combustion Corp.* (1966), 77 Ill. App. 2d 260, 266-67, 222 N.E.2d 168.) The subject of the arbitration clause in the instant case was "[a]ny controversy or claim arising out of or relating to this agreement or the breach thereof * * *." The plaintiff included a prayer for damages in its complaint for injunctive relief and participated in a six-day trial on the merits of the case resulting in permanent injunctions against the defendants. Such a ruling completely disposed of the plaintiff's claim of breach of the employment contracts. Hilti, by its participation in a determination on the merits of the case and failure to reserve any claim to damages, waived its right to have that issue decided pursuant to the arbitration provisions of the employment contracts. *Applicolor*, at 267.

In addition, Hilti's claim that the right to arbitrate damages has been contractually preserved ignores the fundamental doctrine of merger.

> "This rule was stated by this court in the early case of *Wayman v. Cochrane*, 35 Ill. 152, as follows: 'The general rule is, that by a judgment at law or a decree in chancery, the contract or instrument upon which the proceeding is based becomes entirely merged in the judgment. By the judgment of the court it loses all of its vitality and ceases to bind the parties to its execution. Its force and effect are then expended, and all remaining legal liability is transferred to the judgment or decree. Once becoming merged in the judgment, no further action at law or suit in equity can be maintained on the instrument.' This rule was reaffirmed in *Peoria Savings Loan and Trust Co. v. Elder*, 165 Ill. 55, and has never been departed from." (*Doerr v. Schmitt* (1941), 375 Ill. 470, 471-72, 31 N.E.2d 971.)

The employment agreements from which Hilti now seeks authority to pursue the matter of damages in arbitration merged into the trial court's decree of May 12, 1976. Those agreements ceased binding the parties and lost their force and effect at that time. Consequently, Hilti's claim that the right to arbitrate damages was contractually preserved must fail.

■■ The defendants also appeal the judgment of the trial court finding the covenants not to compete contained in the employment agreements to be valid and enjoining them from competing with their former employer, Hilti, Inc. The issues involved in this appeal are: (1) whether the law of the forum should determine the enforceability of a covenant not to compete or whether the parties' intent, as expressed in the contract, that the law of Connecticut govern, will be honored; and (2) whether the decision of the trial court that the defendants breached their employment agreements not to compete was supported by the evidence. However, we conclude that a review of the matter by this court would be improvident. The proposition is established that a court of review generally will not dispose of an appeal on its merits where the facts before the court demonstrate that no actual rights or interests of the parties will be affected thereby. (*Rasky v. Anderson* (1978), 62 Ill. App. 3d 633, 379 N.E.2d 1; *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 189, 311 N.E.2d 134.) In the instant case, the period of time during which the defendants were enjoined from competing with the plaintiff has elapsed. Our pronouncements on the issues the defendants present, even if favorable to them, would have no practical effect upon the permanent injunctive relief granted by the trial court. For this reason, the judgment in case #76-819 is affirmed.

The judgment of the circuit court of Cook County denying the defendant's motion to enjoin Hilti from pursuing arbitration is reversed

and the cause remanded with instructions to enter an injunctive order consistent with this opinion.

Affirmed in part.

Reversed and remanded in part.

McNAMARA and McGILLICUDDY, JJ., concur.